IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN EDWARDS, WILLIAM B. EDWARDS,
and BILLIE JO DICK,

    Plaintiffs,

v.                                                                       No. 20-cv-0083 SMV/JHR

EL PASO ELECTRIC COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiffs' Motion for Remand [Doc. 5] filed on February 14, 2020. Defendant responded on February 28, 2020. [Doc. 12]. Plaintiffs filed no reply, and the time for doing so has passed. The parties consented to the undersigned's presiding over this matter and entering final judgment. [Doc. 11]. Having considered the briefing, the relevant portions of the record, and the relevant law, and being otherwise fully advised in the premises, the Court finds that Defendant did not have clear and unequivocal notice of diversity of citizenship until January 7, 2020. Accordingly, Defendant's Notice of Removal [Doc. 1] was timely filed on January 28, 2020, and Plaintiff's Motion for Remand [Doc. 5] will be denied. This motion can be decided on the papers, and no oral argument is needed.[1]

## Background

Plaintiffs filed their original Complaint in New Mexico state court on October 18, 2019. [Doc. 1-1] at 3–14. Plaintiffs allege that in or about 1969 or 1970, Defendant constructed a large

---

[1] Plaintiffs' Request to Reset Hearing [Doc. 17] is alternatively denied for lack of any statement regarding Defendant's position. *See* D.N.M.LR-Civ. 7.1(a) ("Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied.").

transmission line and maintenance road through Plaintiffs' real property located in Valencia County, New Mexico. *Id.* at 3, 5. Plaintiffs allege that Defendant did not notify Plaintiffs, obtain their permission, or compensate them. *Id.* at 5. Plaintiffs ask for a declaratory judgment and for damages arising from inverse condemnation and trespass. *Id.* at 1, 6, 8. They seek "just compensation," prejudgment interest, and attorney fees. *Id.* at 10.

Plaintiffs served Defendant on October 30, 2019. [Doc. 1] at 1; *see* [Doc. 5] at 2. Defendants answered in state court on December 2, 2019. [Doc. 5] at 2. Then, on December 10, 2019, Defendant served Plaintiffs with discovery requests, asking among other things for Plaintiffs' states of citizenship. *Id.* After Plaintiffs responded on January 7, 2020, Defendant removed the case to this Court on January 28, 2020. *Id.*

In its Notice of Removal, Defendant explained that pursuant to § 1446(b)(3), it had 30 days from receiving the discovery responses (i.e., notice of Plaintiffs' states of citizenship) to remove the case. [Doc. 1] at 3. The statute reads:

> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order[,] or *other paper* from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3) (2018) (emphasis added). Defendant argues that the discovery responses constitute an "other paper," which started the 30-day clock. [Doc. 1] at 3. Ultimately, in the Notice of Removal, Defendant asserted diversity jurisdiction, alleging that Plaintiffs were citizens of California, Defendant was a citizen of Texas, and the amount in controversy exceeded $75,000. [Doc. 1] at 3.

2

**Discussion**

Plaintiffs filed their Motion for Remand on February 14, 2020. [Doc. 5]. They argue that Defendant should have known that diversity jurisdiction was present when it received the Complaint, and because Defendant waited more than 30 days after service of the Complaint to remove, Defendant waived its right to do so. *Id.* at 3 (first citing 28 U.S.C. § 1446(b)(1); and then citing *Zamora v. Wells Fargo Home Mortg.*, 831 F. Supp. 2d 1284, 1290 (D.N.M. 2011)). Accordingly, Plaintiffs request remand to state court. *Id.*

**Plaintiffs did not provide clear and unequivocal notice of
their states of citizenship until they responded to discovery requests on January 7, 2020.**

Plaintiffs argue that the following language from the Complaint put Defendant on notice of diversity of citizenship:

> Because the vacant land Property did not require regular upkeep and was being held as a long-term investment, and *because the Plaintiffs live out-of-state, the Property remained unvisited since the early 1960's* and Defendant's unlawful taking, construction, and ongoing appropriation of the Property remained unknown to the Plaintiffs for decades.

[Doc. 5] at 4 (quoting [Doc. 1-1] at 5, ¶ 15). Plaintiffs argue that the plain language of the Complaint evidenced that they do not live in New Mexico and, thus, Defendant "potentially could have removed the case." *Id.* The Court is not persuaded that this language put Defendant on notice that the parties' citizenships were diverse. The question is not close. This language indicates that Plaintiffs are not citizens of New Mexico, but that is all it indicates. Of course, to determine diversity of citizenship, Defendant (a citizen of Texas) needed to know whether Plaintiffs were citizens of Texas. This language simply is not determinative.

3

The 30-day clock does not begin to run until the plaintiff provides the defendant with "clear and unequivocal notice" that the suit is removable. *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998). Here, the Complaint did not notify Defendant of Plaintiffs' states of citizenship. On service of the Complaint, Defendant was not on notice that the parties' citizenships were diverse. Plaintiffs did not provide clear and unequivocal notice of diversity of citizenship until they answered the discovery requests on January 7, 2020. Therefore, the 30-day removal window commenced on January 7, 2020, making Defendant's January 28, 2020 removal timely. *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999) (30-day clock triggered by deposition testimony); *DeBry v. Transamerica Corp.*, 601 F.2d 480, 488–89 (10th Cir. 1979) (clock not triggered by ambiguous deposition testimony); 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3731("The federal courts have given the reference to 'other paper' an expansive construction and have included a wide array of documents within its scope.").

<u>Plaintiffs' other challenges to removal are without merit.</u>

Plaintiffs additionally argue that Defendant took "substantial defensive action[s]" in state court, thereby waiving its right to removal. [Doc. 5] at 4 (quoting *Zamora*, 831 F. Supp. 2d at 1291). Specifically, Plaintiffs argue that Defendant's answering the Complaint (on December 2, 2019[2]), demanding a 12-person jury (on December 10, 2019[3]), and propounding discovery requests (on December 10, 2019[4]) in state court constituted "substantial defensive action[s]" in which

---

[2] [Doc. 1-1] at 18; *see* [Doc. 5] at 2.
[3] [Doc. 1-1] at 28; *see* [Doc. 5] at 2.
[4] [Doc. 1-1] at 30; *see* [Doc. 5] at 2.

4

Defendant availed itself of the state court status quo and evidenced an "unequivocal intent to proceed on the merits in state court." *Id.* (quoting *Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1125 (D.N.M. 1998)).  Plaintiffs are incorrect.

"[A] defendant who actively invokes the jurisdiction of the state court and interposes a defense in that forum is *not* barred from the right to removal *in the absence of adequate notice of the right to remove*." *Akin*, 156 F. 3d at 1036 (emphases added).  The Court finds that neither Defendant's filing of an Answer in state court, nor its filing of a Jury Demand in state court, nor its propounding discovery requests in state court waived its right to remove because Defendant did not know until January 7, 2020 (when Plaintiffs answered the discovery requests and revealed their states of citizenship), that the parties had diverse citizenship and that Defendant could remove.

Finally, Plaintiffs urge that the "other paper" reference in § 1446(b)(3) does not apply to diversity jurisdiction, only to federal-question jurisdiction.  *Id.* at 5.  Plaintiffs are incorrect.  *See DeBry*, 601 F.2d at 488–89 (applying the language of what is now subsection (b)(3) to a question of diversity jurisdiction).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiffs' Motion for Remand [Doc. 5] be **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Request to Reset Hearing [Doc. 17] be **DENIED**.

**IT IS SO ORDERED.**

                                                                                                                                             _____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**